[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested action seeking a dissolution of marriage and other equitable relief. After trial, the Court finds the fair preponderance of the evidence supports the following finding of facts.
1. The parties, who were married on June 24, 1974 at Poughkeepsie, New York, have been residents of Connecticut for not less than twelve (12) months prior to the institution of this action.
2. There are two minor children, issue of the marriage: Mariel, born June 6, 1981; and Alexander, born August 11, 1983. No other minor children have been born to the plaintiff-wife since the date of the marriage and she is not pregnant.
3. Neither party is or has been a recipient of public assistance for maintenance or support.
4. The plaintiff, who is shortly to be forty (40) years of age, and the defendant, who is forty-six (46) years of age, are highly educated persons with postgraduate degrees. The respective annual earnings are $93,000.00 for the defendant and $56,800.00 for the plaintiff.
The parties live at a very high level of comfort and pleasure. Each blames the other for the marriage breakdown. From the evidence produced at trial, the Court finds that this is a case of the pot calling the kettle black. The goals of each are strictly materialistic. Individual greed has been allowed to come between the parties' mutual lives as a family unit resulting in conflict and disparate goals causing the irretrievable breakdown of this marriage.
As to the children, custody is not in dispute and the parties agree with the visitation schedule prepared by the Family Relations Officer.
They also agree that their joint marital home in Newtown, Connecticut, should be sold. Its present fair market value is $450,000.00. The parties also share a one-quarter interest in a home in Thornwood, New York with plaintiff's mother, the fair market value of which is $225,000.00. The defendant appears to agree that plaintiff should have his one-eighth interest in same.
As to the disposition of the personal assets, division of the sale proceeds of the marital home, and amount of child support, there is some disagreement. CT Page 2802
Both parties are in good health and capable of self-support. Neither seeks alimony.
After considering all of the evidence and the relevant statutory criteria, the Court orders:
A. The marriage is dissolved.
 B. No alimony is to be paid to either party.
 C. The plaintiff is granted sole custody of the minor children. The plaintiff shall consult with the defendant on all significant issues affecting the children, including, but not limited to, education, religion, summer camp, and significant medical matters. Medical is used in its widest meaning including, without limitation, dental, eye, or psychological problems.
 D. The visitation schedule is to be as follows: The father shall have the children on alternate weekends from 5:30 P.M. on Friday to before church on Sunday; and on other alternate weekends after church on Sunday to 7:30 P.M. The parents shall share any portion of the summer school vacation during which the children are not enrolled in a camp or school program. The weekend schedule of contact shall be maintained during the period of time that the children are in camp (if the children are in day camp). The Thanksgiving holiday shall be alternated with the children spending from school dismissal (Wednesday) to Sunday evening with the defendant in even numbered years and with the plaintiff in odd numbered years. The Christmas vacation shall be alternated with the children spending the vacation with the defendant in odd numbered years and with the plaintiff in even numbered years. The children shall spend each February school vacation with the plaintiff and each April or spring vacation with the defendant. Mother's Day shall be spent with the plaintiff, Father's Day shall be spent with the defendant. If either of CT Page 2803 the parents' work schedules require them to travel out of the area, the other parent shall be given the first preference for alternative child care.
 E. The defendant shall pay to the plaintiff the sum of $225.00 per child per week as child support until each child attains the age of eighteen (18) years, marries, dies, or becomes sooner emancipated. Should the Internal Revenue Service agree, the defendant shall claim both minor children as dependents in his state and federal income tax returns.
 Both parties shall continue to maintain medical/dental insurance coverage, as available, through their employment for the benefit of the minor children. They shall equally share the payment of all unreimbursed medical expenses of any nature incurred on behalf of the children. Medical shall be used in its widest possible meaning.
 The parties shall also continue the life insurance benefits they presently have through their respective employment, naming the children as equal beneficiaries until each child attains his/her majority.
 F. The marital home in Newtown, Connecticut shall be continually listed for sale at a price mutually agreed upon by the parties. If the parties are unable to agree upon a listing price, this issue shall be returned to the Court for determination. The parties shall accept any offer within five percent of the listing price at any time. The gross proceeds from the sale shall be used to pay the first mortgage, the home equity line, real estate commission and normal closing costs and expenses. The net proceeds shall be divided sixty percent to plaintiff and forty percent to the defendant.
 Until the home is sold, the defendant shall pay the first mortgage, real estate taxes and home insurance. The defendant CT Page 2804 shall pay the home equity line and normal household maintenance and utilities. She shall also have exclusive possession of the home with the children until the property is sold.
 Any major expense with respect to repair of the house, agreed to in writing by both parties, to be incurred for sale purposes, shall be shared by the parties in the same proportion as the net proceeds of the sale.
 G. The defendant shall transfer his interest in the Thornwood, New York real estate to the plaintiff subject to the plaintiff assuming all responsibility for the mortgage and debts thereon, saving the defendant harmless from and against claims of any nature including court costs and attorney fees.
 H. Except as noted below, the parties shall agree on an equitable division of the furniture and furnishings in the marital home. If they fail to do so, each shall be entitled to one-half, except for the children's furniture and equipment which shall be kept by the plaintiff.
 As to the disputed paintings, the plaintiff shall retain the Sam Racina painting, print of lioness, and painting called Sunset Over Mt. Cadillac. The remaining six paintings and four Mexican paintings shall be retained by the defendant.
 The defendant shall also keep his pre-Columbian artifacts and his tools.
 Defendant shall return to the plaintiff all of her jewelry and the silver flatware which she shall retain.
 I. As to all other personal assets, tangible and intangible including pension and IRA funds, each party shall retain as his or her own that which is in his/her ownership or title subject to any CT Page 2805 liabilities connected to same with the following exceptions: Defendant shall transfer to plaintiff one-half of his frequent flyer miles. The savings bonds held by the plaintiff for the children shall continue to be held by her for the benefit of the children.
 J. Except as provided above, each party shall pay the debts listed on his/her financial affidavit saving the other party harmless from and against any claims thereon, including court costs and attorney fees.
 K. As to past filed joint income tax returns, should any deficiency assessment, penalty or interest be imposed, the party responsible for incurring same shall pay same, saving the other party harmless on said claim or claims, including the expenses of attorneys, accountants and court costs.
Judgment shall enter in accordance with the foregoing orders.
PATRICIA A. GEEN, JUDGE